# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GISELLE M. COLON,**

        **Plaintiff,**

**-vs-**                                                         **Case No. 6:04-cv-1485-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument[1] on review of the Commissioner's denial of Plaintiff's application for Social Security benefits. For the reasons set forth herein, the decision of the Commissioner is **REVERSED** and the matter is **REMANDED** to the Commissioner for further proceedings.

### *PROCEDURAL HISTORY*

Plaintiff filed an application for a period of disability and for disability insurance benefits on April 13, 2001, asserting an onset date of April 1, 2001 (R. 46-49). On May 17, 2001, Plaintiff protectively filed a claim for Supplemental Security Income (R. 18, 240-45). Both applications were denied (Tr. 25-28, 229-39). Plaintiff requested and received an administrative hearing, held on March 13, 2003 (R. 252) and the Administrative Law Judge ("the ALJ") issued an Unfavorable Notice of Decision dated April 15, 2003 (R. 15). Plaintiff filed a request for review, which was denied by the

---

[1] Although Plaintiff stated in her brief that she did not waive her right to oral argument, in view of the Court's conclusion on the merits upon review of the papers, as stated herein, no argument is deemed necessary.

Appeals Council (R. 12, 5-9), making the ALJ's decision the final decision of the Commissioner. This action followed (Doc. No. 1).

### *NATURE OF DISABILITY CLAIM*

Plaintiff asserts disability based on low back pain, hip pain, herniated disc, headaches, and right shoulder pain (R. 50, 60, 99, 261-66).

### *SUMMARY OF THE EVIDENCE AND THE ALJ'S DECISION*

Plaintiff was 31 years of age on the day of the hearing, with a ninth grade education and past relevant work as a cashier (R.105, 258). She testified at her hearing regarding the pain and limitations she experiences in her back, hips, legs and shoulder, as well as from her headaches (R. 252-286). Some, but not all, of the medical evidence is set forth in the ALJ's opinion, and sets forth an adequate basis for the ALJ's conclusion that Plaintiff has diabetes mellitus, high blood pressure and degenerative disc disease of her low back (R. 20). The ALJ held that these impairments did not meet or equal the Listings (R. 23). Finding Plaintiff's allegations of pain and limitations to be not entirely credible, the ALJ found that Plaintiff had the residual functional capacity to perform the full range of light work,[2] and retained the ability to perform her past relevant work as a cashier (R. 23). Applying the Medical-Vocational Rules ("the Grids"), the ALJ found Plaintiff to be not disabled (R. 23-24).

### *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings

---

[2]Later in the decision, the ALJ found that Plaintiff had the residual functional capacity to perform "a wide range [of] light and sedentary work."(R. 24).

are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## *ANALYSIS*

Plaintiff raises several issues in her brief: 1) whether the ALJ erred in failing to consider the opinion of the treating physician; 2) whether the ALJ failed to properly evaluate Plaintiff's allegations of pain; 3) whether the ALJ erred in failing to obtain vocational expert testimony in light of Plaintiff's nonexertional pain impairment; and 4) whether the ALJ erred in failing to consider Plaintiff's obesity on her ability to work. The Court treats each, in turn.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

As pointed out by Plaintiff in her brief, Plaintiff presented to orthopedist Jeffrey Greenspoon, M.D., on September 18, 2002, for a second opinion evaluation of a right shoulder injury incurred on August 22, 2001 (R. 204-220). On examination, Plaintiff's right shoulder was positive for pain and tenderness, with a positive impingement sign (R. 218). Based upon examination and a review of the diagnostic studies, Plaintiff was assessed with rotator cuff impingement syndrome, and osteoarthrosis, local, AC joint right. Surgery was recommended (R. 214-218).

On October 29, 2002, Plaintiff underwent a right shoulder arthroscopy with subacromial decompression and partial arthroscopic assisted distal clavicle resection (R. 212). Plaintiff was excused from any work duties post operatively, until November 18, 2002, and could then return to light duty, with restrictions of no lifting, reaching above shoulders, pushing/pulling, or overhead lifting (R. 208). These restrictions continued on return visit on December 2, 2002 (R. 207).

On January 6, 2003, mild improvement was noted, with Plaintiff complaining of AC joint pain and clicking (R. 205). Treatment prescribed was non-steroidal anti-inflammatories, reassurance and rest, and Plaintiff was placed on restrictions of maximum lifting of five pounds, and no reaching above the shoulders, pushing/pulling, or overhead lifting (R. 204). It was noted that Plaintiff was not at maximum medical improvement, and Plaintiff was to return in four weeks. No subsequent records were provided.

In his decision, the ALJ does not address these restrictions, nor, indeed, even mention Dr. Greenspoon.[3] Even more notably, despite clear and uncontradicted evidence of a shoulder impairment, despite Plaintiff's testimony at hearing regarding continued pain and limitations from

---

[3] Curiously, the ALJ mentions these records, albeit with a different doctor's name, but does not note, discuss, or discredit the particular restrictions set forth above (R. 21).

her shoulder injury, and despite the ALJ's own reference to Plaintiff's "chronic right shoulder pain," the ALJ did not note it as an impairment at step two of the evaluation process.[4]

As substantial weight must be given to the treating physician's opinion, absent good cause not to do so, and the decision does not reflect that *any* consideration was given to these restrictions and *no* basis for discrediting the restrictions is provided, the decision is unsupported by substantial evidence and was not made in accordance with proper legal standards.

The Commissioner acknowledges that the ALJ did not specifically discuss the restrictions, but contends that any error is harmless in that Dr. Greenspoon's opinion was offered over a year after Plaintiff's date last insured, was "implicitly rejected" and, in any event, "Plaintiff has failed to demonstrate any prejudice since the ALJ would be able to explicitly reject Dr. Greenspoon's opinion as inconsistent with the weight of the evidence." (Doc. No. 16 at 7, 9). None of these contentions is compelling.

Plaintiff filed a claim for both disability insurance benefits *and* supplemental security income. Thus, while the date last insured may effect entitlement to disability insurance benefits, it has no bearing on evaluation of the claim for SSI, as acknowledged by the Commissioner at page 2 of her brief. Moreover, the Court finds no basis for a finding that the ALJ implicitly rejected restrictions he did not even acknowledge. Indeed, in his opinion, the ALJ mentions the surgery to the shoulder, but

---

[4]The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. § § 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). This claim was resolved at step four of the sequence.

states only (and erroneously): "When she returned to Dr. Bittar in November 2002 he released her to light duty and a regimen of physical therapy" (R. 21). No mention is made of the prohibition against *all* lifting, reaching above shoulders, and pushing/pulling imposed by Dr. Greenspoon at the November visit. These restrictions continued, with slight modification, at least through January 2003, the last date of treatment notes in the record. Plaintiff testified at her March 2003 hearing that she continued to have pain, weakness and limitations on lifting and reaching with her right shoulder (R. 265-267). In his opinion, the ALJ acknowledges her chronic shoulder pain, but not her restrictions and limitations placed upon her by the treating physician. The Court finds no basis for an "implicit rejection" in the ALJ's silence as to the restrictions.

The Court is also unpersuaded by the Commissioner's argument that remand is unnecessary because the ALJ *would be able* to explicitly reject the restrictions as inconsistent with the medical evidence. The Commissioner fails to identify the allegedly inconsistent medical evidence, and none is apparent to the Court. There is no other post-operative medical evidence with respect to the condition of Plaintiff's shoulder in this record, and, in any event, it is not the task of this Court to make that determination in the first instance nor to hypothesize what the ALJ might decide. Remand is necessary inasmuch as the ALJ did not weigh the opinion of the treating physician with respect to Plaintiff's ability to lift, reach, push and pull.

Because the ALJ failed to evaluate the restrictions, remand, and not reversal for award of benefits, is appropriate. The ALJ has a duty to fully and fairly develop the record. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988). Here, the record is not developed sufficiently to establish whether these restrictions were temporary or permanent limitations. The treatment notes reflect that Plaintiff was to return to Dr. Greenspoon, and it was noted that she was not at maximum medical

improvement at her last visit. On remand, the ALJ should develop the record further, with respect to Plaintiff's shoulder restrictions.

Plaintiff next contends that the ALJ erred in evaluating her allegations of pain and limitations. Pain is a non-exertional impairment. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560, *quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

Applied here, the ALJ failed to evaluate the treating physician's opinion regarding the restrictions placed upon Plaintiff with respect to her shoulder. As such, the ALJ's analysis of Plaintiff's alleged pain and limitations with respect to her right shoulder was incomplete. Upon remand, the ALJ should re-evaluate Plaintiff's allegations after the further development of the record directed above.

Plaintiff also objects to the lack of vocational expert testimony, in view of Plaintiff's alleged non-exertional impairments. This case was decided at step four of the evaluation sequence, however. Vocational testimony is not required when the ALJ determines that a claimant can return to his or her past relevant work. *See Foote v. Chater,* 67 F.3d 1553, 1558-9 (11th Cir. 1995) (Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant court perform other work that exists in the national economy. This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines [the "grids"], but when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills, the Commissioner's burden can usually be met only through the use of a vocational expert). On remand, the ALJ is directed to obtain vocational expert testimony, if development of the record warrants it.

Plaintiff's contention that the ALJ should have specifically considered her obesity is also noted. As discussed by the Commissioner, the diagnosis of obesity itself is not *per se* disabling, save for the effect it may have on an individual's residual functional capacity. The absence of obesity as a separate listing level impairment, however, does not mean that it is irrelevant to the consideration of whether a Plaintiff is disabled. As set forth in Social Security Regulation 02-1p, all adjudicators at all levels of administrative review should consider obesity in determining whether an individual has a medically determinable impairment and whether the impairment is severe. SSR 02-1p. While obesity is no longer considered a listing-level impairment, it may be considered a medically determinable impairment capable of affecting a claimant's disability determination, either by itself or in conjunction with other impairments. Note, for example, that "someone with obesity and arthritis affecting a weight bearing joint may have more pain and limitation than might be expected from the

-9-

arthritis alone." *Id.* Plaintiff has not claimed disability based on her obesity, but, upon remand, the ALJ should evaluate Plaintiff's asserted obesity, as required by the regulations, in order to determine whether Plaintiff's asserted obesity "significantly limits [Plaintiff's] ability to do basic work activities." Social Security Regulation 02-1p.

## *CONCLUSION*

For the reasons set forth above, the decision of the Commissioner is hereby **REVERSED** and the matter is **REMANDED** for further proceedings. The Clerk is directed to enter judgment accordingly, and to terminate all pending matters and close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 30, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record